IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| OLIVER LUCIEN GARR, : | |
| : | |
| Petitioner, : | |
| : | Case Number: 1:08cv293 |
| vs. : | |
| : | Chief Judge Susan J. Dlott |
| WARDEN, MADISON CORRECTIONAL : | |
| INSTITUTION, : | ORDER ON REPORT AND |
| : | RECOMMENDATION |
| Respondent. : | |

This matter is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Timothy S. Black. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and filed with this Court on March 2, 2009 a Report and Recommendation (doc. 14). Subsequently, Respondent filed objections to such Report and Recommendation (doc. 22).

The Court has reviewed the comprehensive findings of the Magistrate Judge and considered de novo all of the filings in this matter. Upon consideration of the foregoing, the Court determines that Respondent's objections are well-taken and that the Magistrate Judge's Recommendations should be modified in part and adopted as modified.

Respondent did not object to the Magistrate Judge's recommendation that a certified question be presented to the Supreme Court of Ohio but suggested that the question be reframed. The Court agrees, and it will certify a question to the state high court in one of the forms suggested by Respondent. Respondent objects to the Magistrate Judge's recommendation that it be designated as the moving party with respect to the certified question, stating that Petitioner

Garr should be designated as the moving party for three reasons: (1) Garr is trying to get his conviction for a felony of the first degree vacated and reduced to a felony of the fifth degree and is thus in a similar posture to a criminal defendant who comes before the Supreme Court of Ohio appealing his conviction; (2) a habeas petitioner bears the burden of proof, and (3) it is practical to designate the respondent in this action as also the respondent before the Supreme Court of Ohio. This objection is well taken.

Accordingly, the Court **SUSTAINS** Respondent's Objections to the Report and Recommendation (doc. 22) and **ADOPTS** the Magistrate Judge's Report and Recommendation (doc. 14) as modified according to this Order. Consistent with the Magistrate Judge's Recommendation, Respondent's motion to dismiss (doc. 6) is **DENIED.** It is further **ORDERED** that this case is **STAYED** pending the Supreme Court of Ohio's consideration of the following state law question, which will be **CERTIFIED** to the state supreme court to answer in accordance with Rule XVIII of the Rules of Practice of the Supreme Court of Ohio:

> Whether the Supreme Court of Ohio's decision in *State v. Chandler,* 109 Ohio St. 3d 223, 2006 Ohio 2285 (2006), as described in the syllabus of the court, to wit: "[a] substance offered for sale must contain some detectable amount of the relevant controlled substance before a person can be sentenced as a major drug offender under R.C. § 2925.03(C)(4)(g)," extends to cases where the substance offered for sale was never observed, tested, or recovered to ascertain whether it contained a detectable amount of the controlled substance, but no affirmative evidence was presented to call into question the defendant's representation in his offer to sell, or to refute the jury's factual finding, that the substance was in fact a controlled substance in an amount that equaled or exceeded 1000 grams.

The Court will designate the Petitioner in this case as the moving party in the matter certified to the Supreme Court of Ohio.

IT IS SO ORDERED.

         ___s/Susan J. Dlott_____
         Chief Judge Susan J. Dlott
         United States District Court