IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| OLIVER LUCIEN GARR, | |
| Petitioner, | |
| | Case Number: 1:08cv293 |
| vs. | |
| | Chief Judge Susan J. Dlott |
| WARDEN, MADISON CORRECTIONAL INSTITUTION, | CERTIFICATION ORDER |
| Respondent. | |

Pursuant to the Rules of Practice of the Supreme Court of Ohio Rule XVIII, the Court hereby issues this Certification Order to be served upon all parties or their counsel of record and filed with the Supreme Court of Ohio.

**A.    CASE NAME**

*Oliver Lucien Garr v. Warden, Madison Correctional Institution*, U.S. District Court, Southern District of Ohio, Case No. 1:08cv293.

**B.    STATEMENT OF THE CASE**

**1.    FACTS**

Habeas Petitioner Oliver L. Garr alleges that the evidence introduced at his state court trial was insufficient to establish beyond a reasonable doubt that (1) he committed a first-degree-felony instead of a fifth-degree-felony cocaine-trafficking offense under Ohio Revised Code ("O.R.C.") §§ 2925.03(A)(1) and 2925.03(C)(4)(g) and that (2) a mandatory ten-year sentence was required in this case under the major drug offense ("MDO") penalty provision set forth in O.R.C. § 2925.03(C)(4)(g).

On April 7, 2006, the Hamilton County, Ohio grand jury returned an indictment charging

Petitioner with one count of trafficking in cocaine "in an amount that equaled or exceeded 1000 grams," in violation of O.R.C. § 2925.03(A)(1), and one count of engaging in a pattern of corrupt activity in violation of O.R.C. § 2923.32(A)(1). (Doc. 6, Ex. 1.) An MDO specification was attached to the trafficking count. Petitioner's trial counsel filed a pretrial motion to dismiss the MDO specification on the ground that there was no evidence of any "detectable amount of a controlled substance." (*Id.*, Ex. 2.) The motion was overruled and the matter proceeded to trial. After a jury trial, Petitioner was found guilty on the trafficking charge and the attached MDO specification and was sentenced to a ten year mandatory prison term. (*Id.*, Ex. 5.)

Petitioner timely appealed to the Ohio Court of Appeals, raising two assignments of error.

> 1. The trial court erred in denying defendant's motions to dismiss the MDO specifications and for a verdict of acquittal on those specifications [because the MDO specification was not supported by sufficient evidence].
>
> 2. The trial court erred to defendant's prejudice in sentencing him to a mandatory term of ten years [because the evidence was insufficient to support an MDO conviction or sentence for a first-degree-felony cocaine trafficking offense].

(*Id.*, Ex. 6.) The Court of Appeals overruled the assignments of error and affirmed the trial court's judgment.

In its decision, the state appellate court made the following factual findings: that during a sting operation, Petitioner told a police informant that he would sell him two kilograms of cocaine; that Petitioner and the informant met in a parking lot with the understanding that Petitioner was to deliver the cocaine to the informant; that due to a disagreement over payment the sale was not completed; that Petitioner never produced any cocaine; that Petitioner was not

arrested until several months later; and that the state never recovered any substance offered for sale in connection with these events. (*Id.*, Ex. 8 at 2.)

Petitioner's counsel appealed to the Supreme Court of Ohio, which denied Petitioner leave to appeal and summarily dismissed the appeal as "not involving any substantial constitutional question." (*Id.*, Ex. 11.) Petitioner also filed various *pro se* pleadings challenging his conviction and sentence, all of which were denied.

## 2. CIRCUMSTANCES GIVING RISE TO THE QUESTION OF LAW

Petitioner asserts two grounds for relief in his petition for habeas corpus:

> **Ground One:** The State of Ohio failed to present sufficient evidence to the jury to prove that Mr. Garr was a Major Drug Offender under Ohio law because no evidence was presented as to the weight or identity of the drug involved in the Trafficking Offense to which the Major Drug Offender Attached.
>
> **Ground Two:** Under Ohio law, an Offer to Sale is a felony of the Fifth-Degree only punishable by 6-12 months, if the State of Ohio cannot prove beyond a reasonable doubt that the substance actually contained/involved a mixture of identifiable amount of cocaine exceeding the weight limits provided under Ohio . . . law for a more serious offense.

(Doc. 1 at 6, 8.)

The constitutional question to be resolved by the federal habeas court is whether the evidence presented at Petitioner's trial was sufficient to establish beyond a reasonable doubt the elements of the offense and penalty as defined by state law. At the sentencing hearing, Petitioner's trial counsel argued that under the Supreme Court of Ohio's recent decision in *State v. Chandler*, 109 Ohio St. 3d 223, 2006 Ohio 2285, 846 N.E.2d 1234 (2006), Petitioner could not be found guilty of the MDO specification because "there were no detectible amounts of a controlled substance here." (Doc. 13, Tr. 904.) The trial court proceeded to impose a

3

"mandatory minimum 10-year prison sentence," apparently because Petitioner was convicted of a first-degree felony offense involving an "offer to sell kilos of cocaine." (*Id.*, Tr. 906-07, 915.) However, the trial court refused to impose an additional prison term on the MDO specification given its interpretation of *Chandler* as specifically prohibiting an added MDO term based on the facts presented to the jury. (*Id.*, Tr. 915-16.)

In *Chandler*, the Supreme Court of Ohio considered "whether a person can be subject to the special penalty statute applicable to a major drug offender for a first-degree felony drug conviction when the substance offered as crack cocaine contains no detectable amount of the drug." 109 Ohio St. 3d at 224, 846 N.E.2d at 1235. The defendant in *Chandler* had been charged under O.R.C. § 2925.03(C)(4)(g), which provides that when the amount of the drug involved equals or exceeds one thousand grams of cocaine that is not crack cocaine or equals or exceeds one hundred grams of crack cocaine, "the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender. . . ." In that case, the jury found that the amount of the drug equaled or exceeded 100 grams of crack cocaine. However, this finding was contrary to fact because the substance involved was 130.87 grams of baking soda. *Id.* at 227, 846 N.E.2d at 1238.

On appeal, the Supreme Court of Ohio upheld Chandler's trafficking conviction because "a person can be convicted for offering to sell a controlled substance in violation of R.C. 2925.03(A)(1) without actually transferring a controlled substance to the buyer." *Id.* at 226, 846 N.E.2d at 1236-37. However, the court found that O.R.C. § 2925.03(C)(4), the penalty provision relating to cocaine trafficking, did not apply when the substance offered as crack cocaine did not

4

actually contain *any* detectable amount of the drug. According to the court, O.R.C. § 2925.03(C)(4) "presumes that a detectable amount of cocaine is present within the substance before the penalty enhancement applies." *Id*. at 228, 846 N.E.2d at 1238-39. Because the substance the defendant offered for sale was baking soda, and thus did not contain a detectable amount of cocaine, the *Chandler* court held that the defendant could not be sentenced as a major drug offender under O.R.C. § 2925.03(C)(4)(g). *Id*.

Petitioner in this case relied on *Chandler* in his state direct appeal proceedings, contending that because the substance offered for sale to the informant was never recovered, the evidence was insufficient to establish that a detectable amount of cocaine was present within that substance for the purposes of establishing beyond a reasonable doubt Petitioner's guilt of a first-degree felony (as opposed to a fifth-degree felony) and automatic classification as a major drug offender under O.R.C. § 2925.03(C)(4)(g). (Doc. 6, Exs. 6, 9.) The First District Court of Appeals apparently conceded that the standards enunciated in *Chandler* governed the disposition of the sufficiency-of-evidence issue, acknowledging that the substance offered for sale was never recovered and thus could not be tested to determine if it contained a detectable amount of cocaine. *State v. Garr*, Appeal No. C-060794, at ¶ 4 (Ohio Ct. App. 1 Dist. July 6, 2007) (Doc. 6, Ex. 8). However, the appellate court distinguished *Chandler* based on circumstantial evidence presented at trial, concluding that statements made during conversations between Petitioner and the informant about the quality and amount of cocaine to be sold was sufficient to support the reasonable inference that the substance offered actually was cocaine. *Id*. ¶¶ 6-7.

Another Ohio appellate court came to the opposite conclusion in its interpretation of *Chandler*. In *State v. Mitchell*, No. 08 JE 5, 2008 WL 5412414, at *5 (Ohio Ct. App. 7 Dist. Dec. 16, 2008), the court upheld a trafficking conviction but found that there was insufficient evidence to support the defendant's enhanced penalty for offering to sell OxyContin in an amount that exceeded the bulk amount when there was no OxyContin recovered. According to the *Mitchell* court, *Chandler* stands for the proposition that the penalty enhancement provisions of the drug trafficking statute cannot be used where there is no detectable trace of the alleged substance. In reversing the defendant's conviction under the penalty enhancement, the Seventh District Court of Appeals refused to distinguish *Chandler* as the First District Court of Appeals had done in this case, finding "that there is no valid reason for us to distinguish appellant's offer to sell OxyContin resulting in no sale and Chandler's offer to sell crack cocaine resulting in the sale of baking soda." *Id*. at *5. Thus, there is a conflict among Ohio's appellate courts as to the proper interpretation of *Chandler* and whether a defendant is subject to the increased penalties of the drug trafficking statute based on the amount of the drugs offered for sale when no drugs are recovered and/or tested.

The standard of review established by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979), governs the resolution of the constitutional sufficiency-of-evidence claims raised in the instant petition for writ of habeas corpus. Under this standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319 (emphasis in original). Federal habeas courts generally are bound by the state court's interpretation of state law that was "announced on direct appeal of the

6

challenged conviction." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citations omitted). However, the highest court of the state is the final arbiter of the state-law issue. *West v. American Telephone & Telegraph Co.* 311 U.S. 223, 236 (1940). As Magistrate Judge Black observed in this case,

> [t]he parties have not cited, nor could the undersigned find, any state supreme court case addressing the specific issues that have arisen in applying *Chandler* to the unique factual circumstances of this case – *i.e.*, whether *Chandler* is limited to cases where evidence has been presented demonstrating that the substance offered for sale was counterfeit, unavailable for sale, or otherwise lacking a detectable amount of cocaine as represented by the defendant; or whether *Chandler* can otherwise be reasonably distinguished from the instant case, where it is undisputed that the substance was never observed or recovered and petitioner's guilt under the enhanced penalty provision can be inferred only from statements made by defendant in setting up the sales transaction with the informant regarding the quality and amount of cocaine involved in the proposed sale.

(Doc. 14 at 18.)

The Magistrate Judge further explained:

> The issues posed in the instant case are troubling. It appears from the record that both the trial court and the Ohio Court of Appeals were persuaded that *Chandler* applied to petitioner's case. Specifically, it appears that the trial court determined that because no cocaine was ever observed or recovered, *Chandler* applied to preclude any enhancement of petitioner's sentence on the MDO specification. However, the court apparently did not recognize the extent of the *Chandler* holding as prohibiting not only an "add-on" sentence based on petitioner's classification as a major drug offender, but also petitioner's conviction and sentence to a mandatory minimum ten-year term for a first-degree-felony cocaine-trafficking offense under Ohio Rev. Code § 2925.03(C)(4)(g).
>
> In contrast, apparently realizing that petitioner's conviction and mandatory ten-year sentence were also subject to reversal under the trial court's interpretation of *Chandler*, the Ohio Court of

7

> Appeals determined that the facts of this case were sufficiently distinguishable from *Chandler* to constitute circumstantial evidence sufficient to support the reasonable inference that the substance offered for sale to the informant actually was cocaine.

(*Id*. at 21.)

Furthermore, "[i]f the Ohio Court of Appeals had directly addressed and answered the unresolved state-law question posed herein in the State's favor, by holding as a matter of law that *Chandler* is distinguishable from and thus inapplicable to the case-at-hand, this Court would have been bound by the state court's determination upholding the petitioner's conviction and sentence on that state-law ground." (*Id*. at 23.)

To summarize, there remains an unresolved state-law question in this case which may moot the Court's consideration of the extremely close, fact-based sufficiency-of-evidence claim open to review under *Jackson* based on *Chandler*. Accordingly, this Court certifies the following question of law to be answered by the Supreme Court of Ohio.

### 3. THE QUESTION OF LAW TO BE ANSWERED

The question of law to be answered by the Supreme Court of Ohio is as follows:

> Whether the Supreme Court of Ohio's decision in *State v. Chandler,* 109 Ohio St. 3d 223, 2006 Ohio 2285 (2006), as described in the syllabus of the court, to wit: "[a] substance offered for sale must contain some detectable amount of the relevant controlled substance before a person can be sentenced as a major drug offender under Ohio Revised Code § 2925.03(C)(4)(g)," extends to cases where the substance offered for sale was never observed, tested, or recovered to ascertain whether it contained a detectable amount of the controlled substance, but no affirmative evidence was presented to call into question the defendant's representation in his offer to sell, or to refute the jury's factual finding, that the substance was in fact a controlled substance in an amount that equaled or exceeded 1000 grams.

**C. NAMES OF THE PARTIES**

Petitioner:   Oliver Lucien Garr

Respondent:   Warden, Madison Correctional Institution

**D. COUNSEL FOR EACH PARTY**

Petitioner's Counsel:
Kristopher A. Haines
Office of the Ohio Public Defender
8 East Long Street
Columbus, Ohio 43215
614-466-5394
kristopher.haines@opd.ohio.gov

Petitioner:
Oliver L. Garr
#A535-073
Dayton Correctional Institution
4104 Germantown Road
Dayton, Ohio 45417

Respondent's Counsel:
William H. Lamb
Ohio Assistant Attorney General
1600 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
513-852-3497
william.lamb@ohioattorneygeneral.gov

**E. DESIGNATION OF THE MOVING PARTY**

Petitioner is the moving party.

RESPECTFULLY SUBMITTED,

                                                         ___s/Susan J. Dlott_____
                                                       Chief Judge Susan J. Dlott
                                                       United States District Court